# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 7673 | **DATE** | 9/25/2003 |
| **CASE TITLE** | Zurich American Insurance Co. vs. Watts Industries, Inc., et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Plaintiff's motion to alter or amend and for injunctive relief (149-1,2,3) is granted in part and denied in part. The court's opinion of 9/9/02 , previously withdrawn, is hereby reinstated and amended to reflect the fact that the duty to defend in Armenta is arbitrable to the same extent the court previously found the duty to defend in Rothschild arbitrable under the deductible agreement. Enter Memorandum Opinion and Order. Any pending motion in this case is terminated as moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | number of notices: 4 | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | SEP 2 6 2003 date docketed | 175 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 9/25/2003 | |
| MPJ | courtroom deputy's initials | 03 SEP 25 PM 4:51 Date/time received in central Clerk's Office | date mailed notice MPJ mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ZURICH AMERICAN INSURANCE COMPANY, )
)
Petitioner, )
)
v. )
) No. 01 C 7673
WATTS INDUSTRIES, INC. and JAMES )
JONES COMPANY, )
)
Respondents. )

**DOCKETED**

**SEP 2 6 2003**

## MEMORANDUM OPINION AND ORDER

The procedural history of this case is long and tortured, and a thumbnail sketch should be sufficient here. Petitioner Zurich American Insurance Company ("Zurich") provided liability insurance for respondents Watts Industries Inc. ("Watts") and James Jones Company ("James Jones"). Watts and James Jones were both sued in California state court in two cases ("*Armenta*" and "*Rothschild*"). When Zurich refused to provide defense coverage, Watts and James Jones sued Zurich in California state court. Zurich then filed in this court a petition to compel arbitration of the coverage dispute based on arbitration clauses in certain deductible agreements. Zurich also sought a preliminary injunction, asking that I enjoin the California court from proceeding with litigation of the coverage dispute. Prior to my issuing an opinion on preliminary relief, the California court issued an order holding that Zurich had a duty to defend Watts in *Armenta*. I then issued a preliminary injunction enjoining the California state court from proceeding

175

with litigation of the coverage dispute as to Watts, except with respect to Zurich's duty to defend in *Armenta*. I did not enjoin litigation with respect to James Jones because I found no reasonable likelihood of success on the petition to compel arbitration against it as James Jones was not a signatory to the deductible agreements containing the arbitration clauses. I did not enjoin litigation with respect to Zurich's duty to defend in *Armenta* because I found that under the *Rooker/Feldman* doctrine, I had no jurisdiction to decide that issue because the California court had already decided it. The parties cross-appealed the preliminary injunction order.

While the preliminary injunction order was on appeal, I issued my decision on the merits of the petition to compel arbitration. I granted the petition in part, compelling arbitration as to Watts, but not James Jones, and again noting that I lacked jurisdiction over the issue of Zurich's duty to defend in *Armenta* because it had been determined by the California state court. Zurich then filed a motion to alter or amend my order. After Zurich filed its motion to alter or amend, the Seventh Circuit issued its opinion on the preliminary injunction order, holding that it violated the Anti-Injunction Act. Also in the opinion, however, the court indicated that I was not barred by *Rooker/Feldman* from deciding a motion to compel the issue of Zurich's duty to defend in *Armenta*. Following the Seventh Circuit's opinion, Zurich filed a supplemental motion

2

to alter or amend, requesting that I compel arbitration of *all* issues in the California coverage dispute (whether they arise under the policies or the deductible agreements), including the issue of Zurich's duty to defend in *Armenta* and all issues relating to James Jones. It is this motion that is before me now.

I note first that Zurich's attempt to have me broaden the scope of my order compelling arbitration to compel the arbitration of issues arising under the policies, as opposed to the deductible agreements, is unwarranted. As noted numerous times before, only the deductible agreements contain arbitration clauses, not the policies. The only issue ever before me was whether the dispute created by the September 6, 2001 and September 21, 2001 letters was arbitrable under the deductible agreements. I held that, except as relates to James Jones and the duty to defend in *Armenta* (and whether Zurich had waived arbitrability), the dispute created by those letters was arbitrable under the deductible agreement. The Seventh Circuit's decision on the preliminary injunction order gives no reason to reconsider my holding as to James Jones, nor does Zurich's citation to the deposition of Elaine Prokop. The only issue in the order compelling arbitration that needs reexamination in light of the Seventh Circuit's opinion is my refusal to decide the issue of Zurich's duty to defend in *Armenta*.

The Seventh Circuit held that *Rooker/Feldman* does not bar my consideration of the duty to defend in *Armenta* issue, even though

the California Superior Court had already held that Zurich had such a duty. Although not depriving me of jurisdiction under *Rooker/Feldman*, the Superior Court's decision may still be entitled to *res judicata*. As Zurich informs me that the Superior Court's decision on the duty to defend in *Armenta* is currently on appeal, however, and in California, a decision is not entitled to preclusive effect while an appeal is pending, *Franklin & Franklin v. 7-Eleven Owners for Fair Franchising*, 102 Cal. Rptr. 2d 770, 774 (Cal. Ct. App. 2000) (citing *Producers Dairy Delivery Co. v. Sentry Insurance Co.*, 718 P.2d 920 (Cal. 1986)),[1] that decision is not binding on me here. Consequently, I find that for the same reason the duty to defend in *Rothschild* was subject to arbitration under the deductible agreements, the duty to defend in *Armenta* is likewise subject to arbitration under the deductible agreements. My opinion of September 9, 2002, previously withdrawn pending receipt of the Seventh Circuit's ruling on the preliminary injunction, is hereby reinstated, amended only to reflect the fact that the duty to defend in *Armenta* is arbitrable to the same extent I previously found the duty to defend in *Rothschild* arbitrable under the deductible agreement. I emphasize again that my opinion is limited to holding that the dispute raised by the September 6,

---

[1] "It is now settled that a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984).

2001 and September 21, 2001 is arbitrable under the deductible agreement (except as to James Jones), and remind the parties that, as discussed by the Seventh Circuit, the California state courts are perfectly competent to determine other issues of arbitrability.

ENTER ORDER:

*Elaine L Bucklo*

**Elaine E. Bucklo**
United States District Judge

Dated: September 25, 2003